**FILED**

**FEB - 2 2006**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE SHADUR

| | |
|---|---|
| TOM BROWN, ) | **06C 0617** |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | (Jury Trial Demanded) |
| COUNTY of COOK, a unit of local ) | |
| government, MICHAEL F. SHEAHAN, ) | |
| both individually and in his official capacity ) | MAGISTRATE JUDGE |
| as Sheriff of Cook County, and the COOK ) | GERALDINE SOAT BROWN |
| COUNTY SHERIFF'S POLICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## ORIGNAL COMPLAINT

Plaintiff Tom Brown, by and through his attorneys, Childress Duffy Goldblatt Ltd., for his Original Complaint against the Defendants, the County of Cook, Michael F. Sheahan, and the Cook County Sheriff's Police Department, states and alleges as follows:

### INTRODUCTION

1. This is a civil rights action for declaratory, compensatory, and equitable relief brought pursuant to 42 U.S.C. secs. 1983 and 1988, and the common law of the state of Illinois. Plaintiff was deprived of his rights under the First and Fourteenth Amendments to the Constitution when Defendants failed to promote Plaintiff in retaliation for his exercise of freedom of speech and association, including but not limited to his political support of the Republican Party.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. sec. 1331 and 28 U.S.C. sec. 1343 in that this is a civil action arising under the Constitution, laws, or treaties of the United States. Further, venue is proper in this judicial district in accordance with 28 U.S.C. secs. 1391(b) and (c), as Plaintiff and all of the Defendants either reside in this district or have their principle place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

## BACKGROUND

### Parties

3. Plaintiff Tom Brown is an individual residing in Lemont, Cook County, Illinois.

4. Defendant Cook County is a municipality incorporated under the laws of the State of Illinois. Cook County administers itself through departments, one of which is the Defendant Cook County Sheriff's Police Department ("Sheriff's Department").

5. At all relevant times and currently, Defendant Michael F. Sheahan ("Sheahan") served in the elected position of Sheriff of Cook County, Illinois. Sheahan is sued in his individual and official capacities.

6. The acts, transactions, occurrences, and omissions complained of herein took place in Cook County, Illinois.

### Facts

7. Plaintiff has been employed by Defendant Sheriff's Department since April 4, 1977.

8. On or about February 9, 1990, Plaintiff was promoted to the rank of Sergeant.

9. In the twenty-eight (28) years that Plaintiff has worked for the Sheriff's Department, he has never been written up for any violation and has not taken any suspension time.

10. In the summer of 1999, then-Deputy Chief of Patrol Jerald Janosz advised Plaintiff that Plaintiff was one of the most experienced and well-qualified sergeants in the department.

11. Plaintiff performed his job in an exemplary manner. In fact, Defendant Sheriff's Department frequently and consistently gave Plaintiff the highest possible ratings and extremely positive feedback on each of Plaintiff's Performance Appraisal Reports.

### Political Activity and Background

12. Plaintiff is a registered member of the Republican Party.

13. Defendant Sheahan, decision and policymaker within the Sheriff's Department and County of Cook, is a registered member of the Democratic Party.

14. In 1998, Plaintiff publicly supported LeRoy Martin, who ran as a Republican candidate for Cook County Sheriff, by donating contributions to Martin's campaign and by putting up signs in support of Martin's candidacy.

### Promotion to Rank of Lieutenant

15. On or about October 17, 2003, Plaintiff took and passed the Police Lieutenant's Promotional Examination.

16. Plaintiff's name, along with others' who passed the exam, was included on a list of individuals qualified for promotion to the rank of Lieutenant. Plaintiff's name remained on the list for over two years prior to filing this claim.

17. Defendant Sheahan personally selects individuals from the list and promotes them to the rank of Lieutenant.

18. Plaintiff has never been selected from the list.

19. During the two year period that Plaintiff's name has been part of the list, five other people have been promoted to the rank of Lieutenant.

20. Plaintiff was objectively better qualified than each of the five individuals promoted to the rank of Lieutenant.

## CAUSES OF ACTION

### Count I – Failure to Promote in Retaliation for Constitutionally Protected Activity (42 U.S.C. § 1983)

21. Plaintiff restates and incorporates by reference all allegations in paragraphs 1-20 above.

22. By engaging in the acts described in paragraphs 1-20 above, Plaintiff exercised rights guaranteed by the First Amendment of the United States Constitution including freedom of speech, freedom of association, and freedom to peaceably assemble. This included registering as part of the Republican Party and publicly and actively participating in support of candidates from his political party.

23. As part of a custom, policy or practice of the Sheriff's Department in Cook County, individuals who have contributed to the Democratic Party or the political campaigns of Defendant Sheahan have been promoted through the ranks. This custom, policy or practice is evidenced by numerous examples, including but not limited to the following:

    a. Between August of 1999 and January of 2000, Sergeant Matthew Walsh donated individual contributions totaling over $1150.00 to the Citizens for Michael F. Sheahan. In or around December of 2000, Sergeant Matthew Walsh was promoted to the Merit Rank of Lieutenant.

4

b.     In May of 2001, Sergeant Ted Stajura donated an individual contribution of $1000.000 to the Citizens for Michael F. Sheahan. In or around December 2001, Sergeant Ted Stajura was promoted to the Merit Rank of Lieutenant.

c.     Between August of 2000 and early July of 2002, Sergeant Kevin Ruel donated individual contributions totaling nearly $1300.00 to the Citizens for Michael F. Sheahan. In or around July of 2002, Sergeant Kevin Ruel was promoted to the Merit Rank of Lieutenant.

d.     Between June of 2002 and September of 2004, Sergeant Patrick McGee donated individual contributions of $1250.00 to the Cook County Democratic Society. In or around July 2005, Sergeant Patrick McGee was promoted to the Merit Rank of Lieutenant.

e.     Between March of 2001 and December of 2003, Sergeant Kelly Mrozek donated individual contributions of $850.00 to the Citizens for Michael F. Sheahan. In or around August 2005, Sergeant Kelly Mrozek was promoted to the Merit Rank of Lieutenant.

24.    This claim is actionable under 42 U.S.C. sec 1983 against all Defendants, as their treatment of Plaintiff was done by municipal policymakers pursuant to custom, policy or practice. This claim is actionable under 42 U.S.C. sec 1983 against Defendant Sheahan individually as he knew or should have known that the Plaintiff's right to be free from retaliation based on political affiliation was clearly established at the time of his conduct.

25.    Despite the protected nature of the Plaintiff's speech and activity, Defendants took action to punish the Plaintiff by, in a retaliatory manner, failing to promote him to the Merit Rank of Lieutenant. The Defendants' failure to promote Plaintiff was groundless, malicious and ill-motivated, and was based on Plaintiff's constitutionally protected exercise of free association.

26.    As a result of Defendants' actions, Plaintiff has sustained damages in the form of lost compensation, benefits, pension, mental anguish and emotional distress.

27.    Plaintiff seeks an award of punitive damages against Defendant Sheahan individually.

28. Further, Plaintiff is entitled to recover reasonable and necessary attorneys fees incurred in the trial of this case and in the event of appeals if he prevails.

29. Finally, Plaintiff is entitled to injunctive relief in immediately ordering Defendants to promote him, compensate him and cease and desist from retaliating against him and others for exercising rights and privileges guaranteed under the First Amendment of the United States Constitution.

### Jury Demand

30. Plaintiff demands trial by jury on all triable issues herein.

31. Plaintiff reserves the right to amend.

WHEREFORE, Plaintiff Tom Brown prays that judgment be entered in his favor and against the Defendants Michael Sheahan, both individually and in his official capacity as Sheriff, the County of Cook, and the Cook County Sheriff's Police Department, jointly and severally, for all actual, compensatory, pecuniary, punitive and consequential damages referred to herein, together with all injunctive relief as requested herein, reasonable and necessary attorneys fees, costs of court, prejudgment and post judgment interest as allowed by law, and for such other relief as the Court deems just and proper.

Respectfully submitted,

**TOM BROWN**

By: _____
One of Plaintiff's Attorneys

Roy R. Brandys (6278922)
Ryan A. Haas (6283020)
515 North State Street, Ste. 2200
Chicago, Illinois 60610
(312) 494-0200
Fax No. (312) 494-0202