IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS BROWN, etc.,           )
                              )
              Plaintiff,      )
                              )
    v.                        )      No.  06 C 617
                              )
COUNTY OF COOK, et al.,       )
                              )
              Defendants.     )

MEMORANDUM ORDER

Sheriff Thomas Dart ("Dart") has filed a motion to dismiss
the First Amended Class Action Complaint ("FAC") filed against
him and a number of other defendants by Thomas Brown ("Brown"),
who seeks to act as a putative class representative as well as on
his individual behalf.  More precisely, Dart's motion should be
viewed as seeking not dismissal of the action itself, but rather
his dismissal from the FAC in his own individual capacity.[1]
After all, if he can extricate himself from the litigation on
grounds that are particularly (or, of course, exclusively)
applicable to him, he will no longer have any dog in the hunt as
to many of the issues that his motion raises.

This memorandum order will accordingly treat with certain
aspects of the motion in those terms, in an effort to narrow and
facilitate the response by Brown's counsel, scheduled to be filed

_____

[1] Even though the FAC's case caption refers to Dart both in
his individual and in his official capacity as Cook County
Sheriff, FAC ¶8 says that he "is sued in his individual
capacity."  That is really underscored by the alleged conduct
that Brown ascribes to Dart in the FAC's substantive allegations.

on October 19.  In that regard, although Dart advances a volley
of objections to Brown's effort to wrap himself in the mantle of
civil RICO, it is clear that some of those challenges need not be
addressed in the response by Brown's counsel.

As to Dart's Motion ¶I.b, Dart's counsel is careless in the
locution she employs:  It is not true that "the Northern District
of Illinois has previously addressed the issue" of extortion.
District Judges do not speak for the Northern District of
Illinois--only for themselves.  Our Court of Appeals is never
bashful (nor should it be) about reminding us that our views are
nonprecedential.

But that aside, Dart's attempted reliance on the opinion of
this Court's colleague Honorable John Grady in <u>Micnerski v.
Sheahan</u>, No. 02 C 7025, 2003 WL 22159025 (N.D. Ill. Sept. 18) is
flawed.  As the language that Dart's counsel quotes from the
<u>Micnerski</u> opinion (<u>id</u>. at *2) makes plain, what was at issue
there was "whether demanding political contributions in return
for patronage jobs can be regarded as criminal extortion <u>under
the law of Illinois</u>" (emphasis added).  This Court need not weigh
in on that subject, for the alleged extortion activities that
Brown relies on as predicate acts are labeled in the Complaint as
violations of the Hobbs Act, 18 U.S.C. §1951.  On that score the
activity alleged in the FAC fits comfortably within the Hobbs Act
concept as established by a multitude of cases decided by the
Seventh Circuit and other Courts of Appeals--<u>if</u>, that is, the

interstate commerce aspect of the Hobbs Act crime is also satisfied. Accordingly Brown's counsel need not respond to Motion ¶I.a in the terms advanced by Dart there, but must instead focus on whether the commerce element of the offense is met.

As for Brown's effort to invoke mail fraud as a predicate offense for RICO purposes, Dart's challenge in Fed. R. Civ. P. 9(b) terms is not his to make. As Dart's Motion at 3 says, the alleged September 2001 mailings identified in the FAC antedated Dart's employment in the Sheriff's Office. This Court necessarily, then, expresses no views on the subject, declining to issue what amounts to an advisory opinion that is verboten to the federal judiciary. Hence Brown's counsel need not respond to Motion ¶I.b either.

On the other side of the coin, although in this Court's view it is inappropriate to address the class aspects of Brown's lawsuit fully at this point, it does seem that as a retired and former employee of the Sheriff's Office Brown is unlikely to be an appropriate class representative (for future relief is being sought under the FAC, and Brown has no identified interest in that subject). Accordingly Brown's response to Motion ¶XII should be limited to that subject.

_____
Milton I. Shadur
Senior United States District Judge
Date: September 20, 2007

3