IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

THOMAS BROWN,                    )
                                 )
              Plaintiff,         )
                                 )
     v.                          )    No. 06 C 617
                                 )
COUNTY OF COOK, et al.,          )
                                 )
              Defendants.        )

                       MEMORANDUM ORDER

     Enough is enough--or in this instance, enough is too much.
After a number of years spent in issuing a distressingly large
number of sua sponte opinions dealing with violations of
fundamental principles of federal pleading by defense counsel,
this Court issued an Appendix to its opinion in State Farm Mut.
Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill 2001)
that addressed a number of the most-often-repeated errors.  That
publication simplified somewhat the corrective tasks undertaken
by this Court in issuing such opinions, while at the same time
lessening the burden on its secretary--it was now possible simply
to cite the State Farm Appendix without having to repeat the
substantive discussion there.

     When the same fundamental mistakes continued to appear in
responsive pleadings filed in cases on this Court's calendar, it
took the step of publishing the message quoted in the next
sentence as the very first substantive entry regarding Case
Management Procedures on this Court's website.  That message is

set out under the caption "RESPONSIVE PLEADINGS" and, as just indicated, is the first item under the general heading "SPECIAL PROVISIONS":

> Because of widespread inattention by counsel filing responsive pleadings to a number of fundamental principles of federal pleading, Judge Shadur has had occasion to issue an Appendix to the opinion in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001) addressing a number of the most-often-repeated errors. All parties and the court will be better served if every defense counsel reviews State Farm BEFORE filing any responsive pleading.

That responsibility on the part of defense counsel should of course be contrasted with the situation of a plaintiff's counsel filing a complaint, where the identity of the judge to whose calendar the case will be assigned is of course unknown. When it comes to the preparation of responsive pleadings, any responsible defense lawyer should certainly take care to learn what is expected by the judge assigned to the case.

All of this is a prelude to addressing the highly unsatisfactory Answer and Affirmative Defenses ("ADs") that have just been filed in response to the Second Amended Complaint ("SAC") brought by Tom Brown. That responsive pleading emanated from members of a law firm that practices in this federal court with some frequency, including the handling of a substantial number of earlier cases assigned to this Court's calendar. And that fact makes the basic errors next discussed even more troubling.

To begin with, Answer ¶¶5, 34 and 38 improperly state that

the corresponding SAC allegations are "legal conclusions for which no answer is required, and are therefore denied." But the first of those is dead wrong (see App. ¶2 to State Farm), and a denial of those allegations for that asserted reason is doubly wrong.

Next in the list (in terms of the sequence of appearance, not of importance) is a pervasive flouting of the straightforward requirements of the second sentence of Fed. R. Civ. P. ("Rule") 8(b)(see Answer ¶¶9, 10, 12-17, 22 and 24-28) by stating instead:

> These Defendants are without specific information with which to either admit or deny the allegations of this paragraph of the complaint and, therefore, deny same.

Over and above the obvious failure of that formulation to conform to Rule 8(b)'s clear teaching, the denial of the corresponding SAC allegations is both improper and oxymoronic. How can a party that must assert (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)?

Finally, several of the ADs that follow the Answer are also problematic. Here are some issues spotted by this Court:

    1. As for AD 1, it is questionable whether the equivalent of a Rule 12(b)(6) motion is appropriately included as an AD. That aside, however, if there is a desire on defense counsel's part to challenge the legal sufficiency of any portion or all of the SAC, that must be

done by a properly supported motion--and must be done promptly, failing which any such challenge will be denied.

    2. AD 2 is an unacceptable response to a complaint that asserts violations of 42 U.S.C. §1983 ("Section 1983").

    3. AD 3 is inconsistent with the basic concept that underlies Rule 8(c) and its caselaw, requiring the SAC's allegations to be accepted as gospel (see App. ¶5 to <u>State Farm</u>).

    4. AD 4 must be fleshed out in an appropriate motion that identifies the asserted "independent intervening cause," failing which that contention will be rejected.

    5. AD 5 also plays no role in a Section 1983 action unless defendants were to explain why it is appropriate, once again by a proper motion buttressed by legal support.

    6. AD 7 is also plainly inappropriate and inapplicable in the Section 1983 context.

    7. As to defendant Michael Sheahan, who is sued in his <u>individual</u> capacity, AD 8 is simply wrong.

Because the errors that have been identified here are so widespread, the Answer and ADs are stricken in their entirety. Leave is of course granted to defense counsel to file a self-contained (and proper) responsive pleading on or before July 3, 2008. Defense counsel are ordered (1) to make no charge for the time and expense involved in correcting their errors by filing

4

the new pleading called for here, (2) to pay $500 to the Clerk of Court by reason of their having ignored this Court's website caveat and its reference to <u>State Farm</u> and (3) to notify their clients by letter as to the content of this memorandum order, with a copy of the letter to be transmitted to this Court (solely for informational purposes, not for filing).

                                 _____
                                 Milton I. Shadur
                                 Senior United States District Judge

Date:  June 19, 2008