```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

THOMAS BROWN,                    )
                                 )
                Plaintiff,       )
                                 )
     v.                          )    No.  06 C 617
                                 )
COUNTY OF COOK, et al.,          )
                                 )
                Defendants.      )
```

## MEMORANDUM ORDER

This memorandum order is issued with a mixed sense of disappointment and astonishment. On June 19 this Court had issued a memorandum order ("Order") that (1) expressly directed the attention of defense counsel to the Appendix in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001), (2) went on to refer to some of the deficiencies in the Answer and Affirmative Defenses ("ADs") that had been filed on behalf of defendants Michael Sheahan and Thomas Dart and (3) sent defense counsel back to the drawing board to prepare and file a proper responsive pleading. Now the same counsel have filed an Amended Answer and ADs to the Second Amended Complaint ("SAC") brought by Tom Brown, and one of the errors that pervaded the original responsive pleading has surprisingly remained unchanged--and remains equally unsatisfactory--in counsel's new effort.

Order at 3 specifically referred to "the obvious failure of that formulation [the one found at Answer ¶¶9, 10, 12-17, 22 and

24-28] to conform to Rule 8(b)'s clear teaching." And that "clear teaching," which expressly includes the demanding disclaimer of a "belief" resulting from the pleader's lack of knowledge and information, was directly emphasized in App. ¶1 to State Farm. Yet nearly all of the same paragraphs in the Amended Answer continue to omit the vital element of the absence of a belief, reading instead:

> These Defendants are without sufficient information with which to either admit or deny the allegations of this paragraph of the Complaint.

What should the consequence of such a renewed violation be? As chance would have it, Brown's SAC charges defendants with mistreating him during the course of his employment by the Cook County's Sheriff's Office. And in the field of employment relations, progressive discipline--the idea that a first deficiency in performance by an employee is met with modest (if any) discipline, while repeated offenses result in a ratcheting-up of disciplinary treatment--is a familiar concept. By parity of reasoning, that approach could well justify an increase, as a sanction for the current inexplicable second offense, from the Order's original $500 fine.

This Court will not, however, do that--instead defense counsel are ordered on or before July 18, 2008 (1) to correct the errors specified here by filing an amendment to the Amended Answer (not a self-contained Second Amended Answer), (2) to make no charge for the time and expense involved in doing so, (3) to

pay another $500 to the Clerk of Court by reason of counsel's again having ignored this Court's website caveat and its reference to <u>State Farm</u> and (4) to notify their clients by letter as to the content of this memorandum order, with a copy of the letter to be transmitted to this Court (solely for informational purposes, not for filing).

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:  July 7, 2008