IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS BROWN,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF COOK, a unit of local government; MICHAEL F. SHEAHAN, in his individual capacity; THOMAS DART, in his official capacity as Sheriff of County, Illinois,<br><br>        Defendants. | Case No. 06-cv-617<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Brown ("Plaintiff") filed this action against Defendants County of Cook, Michael F. Sheahan, and Thomas Dart (collectively the "Defendants") alleging Defendants violated Plaintiff's First Amendment rights by failing to promote him because he did not support the campaign of Defendant Sheahan ("Sheahan") during his tenure as Cook County Sheriff.[1] Defendants now move the Court for summary judgment alleging there is insufficient evidence in the record to establish a triable issue of fact on Plaintiff's political retaliation claim. For the reasons that follow, Defendants' Motion for Summary Judgment is granted.

## BACKGROUND

The following relevant facts are undisputed, unless specified otherwise. Plaintiff was employed by Defendant Cook County in the Cook County Sheriff's Police Department ("CCSPD") from April 4, 1977 until his retirement on December 31, 2005. (Pl.'s Resp. to Defs.' Rev'd Local Rule 56.1 Statement of Material Facts ("Pl.'s Resp. to SOF") ¶ 1.) Plaintiff began

---

1 Plaintiff initially named the Cook County Sheriff's Police Department, James Ryan, and the Citizens for Michael F. Sheahan Campaign Fund as defendants in this action. Plaintiff voluntarily dismissed all claims against these defendants. (Dkt. Nos. 53 & 133.)

as a police officer in the CCSPD and was promoted to the rank of Sergeant on or about February 9, 1990. (Defs.' Resp. to Pl.'s Local Rule 56.1 Statement of Additional Facts ("Defs.' Resp. to SOF") ¶¶ 4-5.) Sheahan was the elected Sheriff of Cook County from December 1, 1990 through November 30, 2006. (Pl.'s Resp. to SOF ¶ 2.) During all times relevant to this action, the CCSPD employed approximately 7,000 individuals. (*Id.* at ¶ 8.)

Plaintiff contributed $100 to the campaign of Leroy Martin ("Martin"), Sheahan's opponent in the 1998 election. (Pl.'s Resp. to SOF ¶ 20.) Plaintiff is a registered Republican and voted for Martin in the 1998 primary and general elections. (*Id.*) Plaintiff did not attend any fundraisers for Martin nor was he actively involved in the 1998 campaign. (*Id.*) Plaintiff did not contribute any money to Sheahan's campaign and declined to engage in any political fundraisers, golf outings, or other activity associated with Sheahan or the Democratic Party. (Defs.' Resp. to SOF ¶ 39.) The parties dispute whether Sheahan was aware that Plaintiff was a Republican or that he supported Martin. (Pl.'s Resp. to SOF ¶ 21.) The parties also dispute whether Sheahan knew which individuals contributed to his campaign or attended his fundraisers. (*Id.*) Sheahan did not know Plaintiff, either personally or by name, until the filing of the instant litigation. (*Id.*)

In September 2003, Plaintiff sat for the Police Lieutenant's Promotion Examination. (Defs.' Resp. to SOF ¶ 12.) Plaintiff passed the examination and his name was included on the list of eligible candidates for promotion to the rank of lieutenant. (*Id.*) The Cook County Sheriff's Merit Board ("Merit Board") is responsible for the testing administration and the certification of those eligible for promotion to sergeant or lieutenant. (Pl.'s Resp. to SOF ¶ 5.) The Merit Board was created and is governed by statute. (*Id.*) The Merit Board does not display the scores nor does it rank the individuals contained on the eligibility list, which is valid for a period of two years. (*Id.* at ¶¶ 5-6.) Plaintiff's name was included on the certified eligibility list

for promotion to lieutenant from October 17, 2003 to October 17, 2005 along with fifteen other individuals.  (*Id.* at ¶ 8.)  Plaintiff took the lieutenant's examination on one other occasion sometime prior to September 2003.  (Brown Dep. 74.)  There is no evidence in the record to indicate whether Plaintiff passed the examination on his first and earlier attempt.

In December 2004, Paul O'Grady ("O'Grady") became the Director of Operations for the Sheriff's Office.  (*Id.* at ¶ 3.)  O'Grady reported directly to Sheahan and was responsible for the day-to-day operations of the Sheriff's Office.  (*Id.*)  Marjorie O'Dea served as the Chief of Police for the CCSPD from April 1, 2003 until December 5, 2006.  (*Id.*)  O'Dea also reported directly to Sheahan and O'Grady served as the point of contact between O'Dea and Sheahan. (O'Dea Dep. 33.)  Sheahan had the ultimate authority to determine which employees to promote to sergeant and lieutenant.  (*Id.* at ¶ 7.)  The director of operations (O'Grady), the Chief of Police (O'Dea), and the CCSPD Personnel Department provided Sheahan with their input during the decision-making process.  (Sheahan Dep. 44.)  Sheahan routinely approved the promotions of every candidate that was recommended through the vetting process.  (Defs.' Resp. to SOF ¶ 18.)

Every year during the relevant period, Cook County imposed a hiring freeze.  (O'Grady Dep. 142.)  Promotions to fill vacant positions could not begin until the Personnel Department notified O'Grady that the hiring freeze had been lifted.  (*Id.*)  Once the hiring freeze was lifted during the summer 2005, three openings for lieutenant, two openings for sergeant, and 12-15 openings for police officers were available.  (*Id.* at pp. 152-53; 159-160.)  O'Grady informed O'Dea of the openings and asked her to make recommendations for the open positions before the hiring freeze was imposed again in the fall.  (*Id.* at pp. 164-65.)

O'Grady conducted an independent analysis to determine the best candidates for promotion to the open positions.  (O'Grady Dep. 172; 246-47.)  O'Grady considered several

factors including the officer's Internal Affairs file, absenteeism record, history of litigation, letters of recommendation or commendation, education and training, recommendations of the officer's department head, physical fitness, and honesty. (*Id.* at pp. 180-82.) O'Grady also considered an officer's performance evaluations but gave them little weight because he believed supervisors did not perform critical assessments. (Id. at pp. 173-75.) As Chief of Police, O'Dea was the department head who provided O'Grady with recommendations for promotions within the CCSPD.

O'Dea met with her deputy chiefs to discuss candidates for promotion. (O'Dea Dep. 24.) In determining who to recommend for promotion, O'Dea considered four factors: (1) the officer's Internal Affairs file; (2) the officer's performance evaluations; (3) the officer's attendance history; and (4) the comments provided by the deputy chiefs. (*Id.* at pp. 30-31.) O'Dea prepared a memorandum dated July 18, 2005 ("O'Dea memo") listing five officers that she recommended for promotion to lieutenant in order of preference. (*Id.* at pp. 17-18; Pl.'s Ex. Q.) The first three individuals listed on the O'Dea memo were Dean Beville ("Beville"), Patrick McGee ("McGee"), and Anthony Brzezniak ("Brzezniak"). (Defs.' Resp. to SOF ¶ 17.) Plaintiff was listed as the fourth choice followed by John Blair ("Blair"), who was O'Dea's fifth choice for a lieutenant position. (*Id.*) O'Dea sent the July 18, 2005 memorandum ("O'Dea memo") to Sheahan and O'Grady. (*Id.*) Sheahan does not recall and O'Grady denies receiving the O'Dea memo prior to the commencement of this lawsuit. (Sheahan Dep. 190; O'Grady Dep. 232-33.)

Sheahan promoted five of the sixteen individuals included on the 2003 Promotional List to lieutenant. (Pl.'s Resp. to SOF ¶ 5.) George Brown was promoted on August 2, 2004.[2] (*Id.* at Ex. ZZ.) On July 24, 2005, Sheahan promoted the following individuals to lieutenant: (1)

---
2 There is no evidence in the record concerning the circumstances surrounding George Brown's promotion.

Beville; (2) McGee; and (3) Brzezniak. (Pl.'s Ex. S.) These individuals were the first three persons recommended by Chief O'Dea for promotion to lieutenant. (Pl.'s Ex. Q.)

Shortly thereafter an officer retired and one additional lieutenant position became available. (O'Grady Dep. 170-71.) O'Grady testified that the promotional analysis process had to begin anew because the internal affairs files become outdated with forty-eight to seventy-two hours. (*Id.*) Plaintiff, who was listed fourth on the O'Dea memo, was not promoted. (Defs.' Resp. to SOF ¶ 18.) Instead, O'Grady recommended Kelly Mrozek ("Mrozek") for the open lieutenant position because he believed she was the most qualified person remaining on the eligibility list. (O'Grady Dep. 249.) Mrozek and O'Grady worked extensively together as partners in 1999 and O'Grady married Mrozek's sister in April 2003. (Defs.' Resp. to SOF ¶ 48.) Mrozek was also recommended for promotion to lieutenant by other members of the CCSPD. (O'Dea Dep. 61-63.) Plaintiff had approximately eighteen years more experience than Mrozek at the time of her promotion. (Defs.' Resp. to SOF at ¶ 25.) O'Dea testified in her deposition that she did not consider seniority as a factor when recommending candidates for promotion. (O'Dea Dep. 29.) O'Dea also testified that she believed Plaintiff was more qualified for the lieutenant position than Mrozek. (*Id.* at 100.) Sheahan promoted Mrozek effective August 7, 2005. (Pl.'s Ex. R.)

Three of the five individuals promoted to lieutenant from the 2003 Promotional List contributed to the Citizens for Sheahan ("CFS") political campaign as follows:

(1) George Brown contributed $250.00 on April 25, 2001;

(2) Dean Beville contributed a total of $570.00 through his wife, Mary Kay Beville, on September 6, 2002 and October 30, 2003; and

> (3) Kelly Mrozek contributed a total of $850.00 on March 27, 2001, April 28, 2001, October 31, 2003, and November 4, 2003.

(Pl.'s Resp. to SOF ¶ 10.) Neither Brzezniak nor McGee contributed to the CFS campaign. (*Id.*; McGee Decl. ¶ 5.) Sheahan knew Brzezniak and testified that he believed Brzezniak was a "terrific policeman" and good choice for lieutenant. (Sheahan Dep. 69-70.) McGee passed the lieutenant's exam on five separate occasions before his promotion in July 2005. (McGee Decl. ¶ 3.) Plaintiff alleges Brzezniak was promoted due to his clout with Sheahan and that McGee was promoted because he asked Dave Perciobosco to use his political clout on behalf of McGee. (Defs.' Resp. to SOF ¶¶ 60(a), 60(c).) Defendants claim Plaintiff has adduced no admissible evidence in support of this allegation. (*Id.*) Plaintiff alleges he was passed over for promotion because he did not support Sheahan politically and because unlike Brzezniak and McGee, Plaintiff had no political clout to call upon to assist him in receiving a promotion to the rank of lieutenant. (*Id.* at ¶ 39.) Plaintiff admits that he was never asked to contribute to Sheahan's political campaigns nor was he asked to pay to be promoted. (Pl.'s Resp. to SOF ¶ 12.) The parties dispute whether politics had any impact on personnel decisions in the Sheriff's Office. (Pl.'s Resp. to SOF ¶ 7.)

## **LEGAL STANDARD**

Summary judgment is appropriate when the "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006); FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact, and judgment as a matter of law should be granted in its favor. *Vision*

*Church*, 468 F.3d at 988.  Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to survive summary judgment.  *Roger Whitmore's Auto Servs. v. Lake County, Ill.,* 424 F.3d 659, 667 (7th Cir. 2005).  The non-moving party must produce specific facts showing there is a genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of law.  *Anderson* v. *Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986).  All evidence and inferences must be viewed in the light most favorable to the non-moving party.  *Id.* at 255.  To defeat a motion for summary judgment, a party may only rely upon admissible evidence.  *See, e.g., Carlisle v. Deere & Co.*, 576 F.3d 649, 656 (7th Cir. 2009); *Gunville v. Walker*, 583 F.3d 979, 986 (7th Cir. 2009) ("[a] party may not rely upon inadmissible hearsay to oppose a motion for summary judgment").

A party moving for summary judgment in this district must comply with Local Rule 56.1.  N.D. ILL. R 56.1(a).  Under the rule, the moving party is required to file a statement of material facts as to which the moving party contends there is no genuine issue and that entitles the moving party to a judgment as a matter of law.  *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); LR56.1(a)(3).  The opposing party is required to file a response, which in the event of a disagreement, includes specific references to the affidavits, parts of the record, and any other supporting materials relied upon.  *Cracco*, 559 F.3d at 632; N.D. ILL. R. 56.1(b)(3).  When a responding party fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion.  *Cracco*, 559 F.3d at 632.

## DISCUSSION

Defendants allege they are entitled to summary judgment because Plaintiff cannot establish a *prima facie* case for employment discrimination based upon political affiliation.

(Dkt. No. 234 p. 5.)  It is well established that the hiring, firing, transferring, or promoting of government employees based upon political affiliation violates the First Amendment.  *Hall v. Babb*, 389 F.3d 758, 762 (7th Cir. 2004).  To establish a *prima facie* political retaliation claim, plaintiffs must present evidence that:  (1) they engaged in constitutionally protected conduct; (2) they suffered a deprivation likely to deter such conduct in the future; and (3) their conduct was the but-for cause of the deprivation.  *Delapaz v. Richardson*, ___ F.3d ___, 2011 WL 547483, at * 4 (7th Cir. 2011).  If Plaintiff makes his prima facie showing, then the burden shifts to Defendants to show a legitimate, non-political reason for the employment decision.  *Hall*, 389 F.3d at 762.

**1.      Plaintiff's *Prima Facie* Case**

   **A.      Constitutionally Protected Conduct**

The record contains ample evidence that Plaintiff was a Republican, that he supported Sheahan's Republican opponent, and that he refused to support Sheahan's campaign or the campaign of any other Democratic candidate.  The Court finds that Plaintiff's decision to support Leroy Martin and his later decision not to support Sheahan to be constitutionally protected conduct.  Thus, Plaintiff has established sufficient evidence in support of the first prong of his *prima facie* case.

   **B.      Actionable Deprivation**

The Court next considers whether Plaintiff has established any evidence in support of the second prong of his political retaliation claim.  It is undisputed that Plaintiff was not promoted during summer 2005 despite the fact that four lieutenant positions were available and that Plaintiff was recommended for promotion by Chief O'Dea.  It is also undisputed that Plaintiff did not support Sheahan or any other Democratic candidate.  When the fourth lieutenant position became available, Sheahan promoted Mrozek who contributed to Sheahan's campaign and was

recommended by O'Grady. The question of whether the decision not to promote Plaintiff would deter a reasonable person from refusing to support a political candidate in the future is a question to be decided by the finder-of-fact and the Court finds Plaintiff has presented sufficient evidence to survive summary judgment on the second element of his First Amendment claim.

### C. But-For Causation

The Court must next consider whether Plaintiff has established any evidence demonstrating that he was not promoted during summer 2005 because of his political affiliation and refusal to support Sheahan or other Democratic candidates.[3] The burden Plaintiff carries in this regard is "not insignificant." *Nelms v. Modisett*, 153 F.3d 815, 818 (7th Cir. 1998). Plaintiff has adduced evidence establishing that he was a registered Republican who did not contribute to Sheahan's election campaign and did not attend any Sheahan fundraisers. (Defs.' Resp. to SOF ¶ 39.) Defendants do not dispute this but instead argue there is no evidence to meet the threshold showing that Sheahan was aware of Plaintiff's political affiliation. (Defs.' Reply Mem. at p. 8.)

While Plaintiff claims it was "well settled around the Sheriff's Office" that he did not support Sheahan and was a registered Republican, Plaintiff fails to support this claim with admissible evidence. (Pl.'s Opp'n Mem. at p. 13.) Plaintiff points to Sheahan's discovery responses as direct evidence that Sheahan was aware that Plaintiff did not financially support Sheahan's campaign. These admissions were made after the filing of this lawsuit, however, and reveal nothing about Sheahan's knowledge of Plaintiff or his political views during summer 2005. The statements attributable to former First Deputy Chief James Malinowski, Al Romito, and Patrick McGee are inadmissible hearsay made by individuals who Plaintiff admits had no role in the promotion process. (Pl.'s Resp. to SOF ¶ 7.) Similarly, the evidence Plaintiff

---

3 Plaintiff presents no evidence concerning the circumstances of George Brown's promotion to lieutenant in August 2004 and offers evidence only that Plaintiff was passed over for promotion in summer 2005. (Defs.' Resp. to SOF ¶¶ 12-22.). Therefore, the Court's analysis is focused on the lieutenant promotions made during summer 2005.

proffers that Commander John Palcu wrote "Don't take this one, T. Brown & Co." on the back of a Sheahan campaign sign, even if admissible, does not show knowledge of Brown's political affiliation by anyone with decision making authority. Stray remarks by non-decision makers are insufficient to satisfy Plaintiff's burden here. *Helms*, 153 F.3d at 819. The Court finds Plaintiff has failed to present concrete evidence from which a trier of fact could reasonably infer awareness of Plaintiff's political affiliation on the part of Defendants.

Even if Plaintiff could demonstrate that Defendants' were aware of his political affiliation, he must also show that Defendants failed to promote him because of that political affiliation. Of the four individuals promoted to lieutenant during summer 2005, only Dean Beville and Kelly Mrozek contributed funds to Sheahan's campaign and their contributions were made in October and November 2003 respectively. Plaintiff has failed to connect these contributions to the promotions that took place nearly two years later. Plaintiff also fails to establish the importance of these contributions considering the fact that Patrick McGee and Anthony Brzezniak were also promoted during summer 2005 and neither of them made any financial contribution to Sheahan's campaign.

Plaintiff cites evidence which he claims demonstrates that he was better qualified than Kelly Mrozek for the promotion to lieutenant. Much of this evidence is in the form of inadmissible hearsay that the Court will not consider in assessing the instant motion. The Court also refuses to consider any evidence of Mrozek's conduct after she was promoted to the rank of lieutenant as such evidence is not relevant to the issue of whether Defendants chose not to promote Plaintiff during summer 2005 due to his political affiliation. Finally, to the extent that Plaintiff seeks to admit evidence of any communications between Mrozek and her counsel, the Court will exclude such information from consideration on the ground this communication is protected by the attorney-client privilege. Putting aside the evidence that this Court will not

consider in its ruling, the remaining evidence of Plaintiff's superior qualifications does not, by itself, create a genuine issue of material fact as to whether his political affiliation was a but-for cause for Defendants decision not to promote him. *See, e.g., Hall*, 389 F.3d at 763-64.

Plaintiff's evidence comes up short in multiple respects and does not establish that his political affiliation was the but-for cause of the decision not to promote him. Accordingly, Plaintiff cannot make out a *prima facie* case of discrimination under the First Amendment. *See, e.g.*, *Gunville*, 583 F.3d at 984.

**4.     Defendants Proffered a Legitimate, Non-Political Reason For Not Promoting Plaintiff**

Even if Plaintiff had presented sufficient evidence to establish a *prima facie* case of political retaliation, summary judgment would still be appropriate because Defendants have produced a legitimate, non-political reason for not promoting Plaintiff. Beville, McGee, and Brzezniak were the top three candidates recommended by Chief O'Dea and Mrozek was promoted because she received recommendations by O'Grady, who had been her partner, and by other members of the CCSPD. Sheahan approved all four promotions following the completion of the vetting process and testified that he valued diversity among the supervisory staff. Plaintiff has not established that these proffered reasons are a pretext for discrimination based upon his political affiliation.

## **CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion for summary judgment.

IT IS SO ORDERED.

March 29, 2011

_____  _____
Dated                                              Honorable Sharon Johnson Coleman
                                                         United States District Court