# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 617 | **DATE** | September 8, 2011 |
| **CASE TITLE** | Thomas Brown vs. County of Cook et al. | | |

**DOCKET ENTRY TEXT**

The Court grants Defendants' Motion for Costs as Prevailing Party [319] in part and denies it in part. The Court awards Defendants costs in the amount of $5,955.53 pursuant to Federal Rule of Civil Procedure 54(d)(1). This amount includes $2,275.28 for the cost of transcripts and $3,680.25 for photocopying costs. The Court denies Defendants' Amended Motion for Attorneys' Fees as Prevailing Party [346].

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On March 29, 2011, the Court entered summary judgment in favor of Defendants Cook County, Michael F. Sheahan, and Thomas Dart (collectively "Defendants"). Shortly thereafter, Defendants filed a Motion for Costs as Prevailing Party and an Amended Motion for Attorneys' Fees as Prevailing Party. For the reasons that follow, the Court awards Defendants costs in the amount of $5,955.53 and denies Defendants' motion for attorney's fees.

### BACKGROUND

Plaintiff Thomas Brown ("Plaintiff") filed this action in February 2006 alleging that he was denied a promotion and discriminated against due to his political affiliation in violation of 42 U.S.C. § 1983. In August 2007, Plaintiff amended his complaint to assert additional claims including violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and added several new defendants. In this amended complaint, Plaintiff purported to represent a class of similarly situated Sheriff's employees and sought injunctive relief. In April 2008, the Court dismissed Plaintiff's RICO claims and held that Plaintiff could not maintain a class action because he lacked standing to seek injunctive relief. Plaintiff filed his Second Amended complaint in May 2008 alleging Defendants failed to promote him in retaliation for his political affiliation.

| **STATEMENT** |
|---|

## DISCUSSION

1. **Bill of Costs**

    **A. Legal Standard**

   Pursuant to Federal Rule of Civil Procedure 54(d), the prevailing party is entitled to recover its costs, other than attorneys' fees, as a matter of course. *Republic Tobacco Co. v. N. Atl. Operating Co.*, 481 F.3d 442, 446 (7th Cir. 2007). Courts have interpreted "prevailing party" to mean "the party in whose favor judgment has been entered." *Id.* (citing *Moore's Federal Practice § 54.101[3]* (3d ed. 2006)). The Seventh Circuit has held that costs "must be awarded to a prevailing party unless one of the recognized situations warranting a denial of costs is present." *Mother & Father v. Cassidy*, 338 F.3d 704, 709-10 (7th Cir. 2003) (noting that denial is warranted only in situations involving misconduct of the party seeking costs or where the losing party is indigent). A court may only award those costs that fall into one of the categories of costs that are statutorily authorized for reimbursement. *Republic Tobacco*, 481 F.3d at 447.

   Under 28 U.S.C. § 1920, a court may tax the following expenses as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1928. *See Id.*; 28 U.S.C. § 1920. The party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable. *Trs. Of the Chi. Plastering Pension Trust v. Cork Plastering, Co.*, 570 F.3d 890, 904-5 (7th Cir. 2008). Costs incurred merely for the convenience of the prevailing party may not be recovered. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The costs associated with deposition transcripts and copies are recoverable only where such costs are "necessarily obtained" for use in the case. *See* 28 U.S.C. § 1920 (2), (4). The determination of necessity must be made in light of the facts known at the time of the deposition or at the time that copies were made. *See Mother & Father*, 338 F.3d at 712.

    **B. Court Reporter and Transcript Fees**

   Defendants seek to recover $5,760.55 in costs they incurred to obtain transcripts of twelve depositions and two court hearings. (Dkt. No. 319 p. 6.) As an initial matter, Plaintiff objects to being taxed for the depositions costs of Marjorie O'Dea ("O'Dea"), William McHenry ("McHenry"), and Peter Kramer ("Kramer") arguing that these depositions were not reasonably necessary to Defendants' case. (Dkt. No. 337 p. 8.) In support, Plaintiff contends that these depositions transcripts were "not even used" by Defendants. (*Id.*) Defendants counter that they used the O'Dea and McHenry transcripts in their motion for summary judgment. (Dkt. No. 340 p. 5.) Defendants also argue that the fact that they found it unnecessary to use the Kramer deposition in their summary judgment motion should not preclude them from obtaining costs for the transcript. (*Id.*) As discussed above, the determination of the necessity of the Kramer deposition must be made in light of the facts known to Defendants at the time of Kramer's deposition in June 2010. Since Plaintiff deposed Kramer, Plaintiff cannot argue that Kramer's deposition was "frivolous or unnecessary." On the contrary, Plaintiff must have believed that Kramer's deposition was reasonably necessary in June 2010. Expenses of depositions shown to be reasonably necessary to the case are recoverable even if they are not used as evidence at trial or summary judgment. *See Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 867 (7th Cir. 1981). The Court rejects Plaintiff's argument that the transcript costs for the O'Dea, McHenry, and Kramer depositions are not taxable.

Plaintiff next objects to the amount Defendants seek to tax for the deposition and hearing transcripts. (Dkt. No. 362-1 pp. 4-5.) Local Rule 54.1 provides that the taxable costs of transcripts "shall not exceed the regular copy rates as established by the Judicial Conference of the United States in effect at the time the transcript or depositions was filed." *See Cengr v. Fusibond Piping Sys.*, 135 F.3d 445, 455 (7th Cir. 1998); L.R. 54.1(b). The maximum transcript rates were last updated on October 29, 2007. The current maximum transcript rates on a per page basis are as follows:

|  | Original | Copy to Each Party |
|---|---|---|
| Ordinary Transcript | $3.65 | $0.90 |
| Fourteen Day Transcript | $4.25 | $0.90 |
| Expedited Transcript | $4.85 | $0.90 |
| Daily Transcript | $6.05 | $1.20 |

Since the depositions and hearings referenced in Defendants' bill of costs all took place between March 23, 2009 and August 9, 2010, the current rates apply to set the maximum amount per page that Defendants may recover. (*See* Dkt. No. 340-1.) The amount Defendants seek for the original transcripts for Plaintiff and Linda Brown of $3.60 and $3.45 respectively, fall within the current maximum rates and will be allowed. The amount Defendants seek to recover for the two hearings also falls within the current maximum rate and will be allowed. The amount Defendants seek for the copies of the transcripts of the O'Dea, Jerald Janosz ("Janosz"), Michael Sheahan ("Sheahan"), Paul O'Grady ("O'Grady"), Kelly Mrozek ("Mrozek"), Frederick Guerra ("Guerra"), John Palcu ("Palcu"), Kramer, and McHenry depositions ranges from $2.50 to $3.60 per page. These costs exceed the maximum allowable rate of $0.90 per page for copies of deposition transcripts. Consequently, the Court will reduce the amount that Defendants may recover for these depositions such that they comply with Local Rule 54.1.

Finally, Plaintiff objects to Defendants' recovery of the court reporter attendance fee and the "Additional Charges" which includes fees for ASCII disks, condensed transcripts, and delivery and handling charges. (Dkt. No. 362-1. pp. 5-6.) Defendants rely upon Local Rule 54.1 to support their position that they are entitled to be reimbursed for court reporter's attendance fees. (Dkt. No. 319 p. 5.) The express language of Local Rule 54.1 provides, however, that:

> Except as otherwise ordered by the court, only the cost of the original of such transcript or deposition together with one copy each where needed by counsel, and for depositions, the copy provided to the court shall be allowed. L.R. 54.1(b).

Neither Fed. R. Civ. P. 54 nor Local Rule 54.1 provide this Court with the statutory authority to grant Defendants the $240.00 court reporter attendance fee they seek and thus the Court will not allow this cost.

Defendants' bill of costs includes $514.00 in costs for ASCII disks and condensed transcripts, electronic transcripts, .pdf files, exhibit copies, and shipping and delivery charges. Delivery and shipping costs are generally considered ordinary business expenses that may not be charged in connection with obtaining transcripts. *Downes v. Volkswagen of Am., Inc.,* 41 F.3d 1132, 1144 (7th Cir. 1994). Defendants are not entitled to recover charges for ASCII disks, condensed and electronic transcripts, and .pdf files as these items are merely for the attorney's convenience and are not necessary to litigating the case. *See, e.g, Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 946 n. 11 (7th Cir. 1997). The costs for the exhibit copies are recoverable when they are an essential aid to understanding an issue in the case. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000). There is nothing before the Court to indicate such an

| | STATEMENT | |
|---|---|---|

essential need here.  Accordingly, Defendants are not entitled to recover any of the "Additional Charges."

The Court will allow Defendants to recover $2,275.28 in transcript costs itemized as follows:

| | | |
|---|---|---|
| Plaintiff's Original Deposition Transcript | 168 pages @ $3.60 per page | $604.80 |
| Copy of O'Dea Transcript | 166 pages @ $0.90 per page | $149.40 |
| Copy of Janosz Transcript | 80 pages @ $0.90 per page | $ 72.00 |
| Copy of Sheahan Transcript | 227 pages @ $0.90 per page | $204.03 |
| Copy of O'Grady Transcript | 412 pages @ $0.90 per page | $370.80 |
| Copy of O'Dea Transcript (continued) | 72 pages @ $0.90 per page | $ 64.80 |
| Copy of Mrozek Transcript | 9 pages @ $0.90 per page | $  8.10 |
| Copy of Guerra Transcript | 55 pages @ $0.90 per page | $ 49.50 |
| Copy of Palcu Transcript | 145 pages @ $0.90 per page | $130.50 |
| Copy of Mrozek Transcript (continued) | 156 pages @ $0.90 per page | $140.40 |
| Copy of Kramer Transcript | 57 pages @ $0.90 per page | $ 51.30 |
| Copy of McHenry Transcript | 51 pages @ $0.90 per page | $ 45.90 |
| Linda Brown's Original Transcript | 79 pages @ $3.45 per page | $272.55 |
| 4/8/2009 Hearing Transcript | 16 pages @ $6.05 per page | $ 96.80 |
| 3/1/2010 Hearing Transcript | 16 pages @ $0.90 per page | $ 14.40 |

**Total Taxable Transcript Costs        $2,275.28**

### C. Copying Costs

Section 1920(4) expressly authorizes the Court to tax "copies of any materials where the copies are necessarily obtained for use in the case." *Cengr*, 135 F.3d at 454; 28 U.S.C. § 1920(4).  The costs for copying and collating of exhibits fall squarely within this language. *Haroco, Inc. v. Am. Nat'l Bank & Trust Co.*, 38 F.3d 1429, 1441 (7th Cir. 1994). In proving that copies were necessary to the litigation and not made solely for attorney convenience, a party need not submit a "description so detailed as to make it impossible economically to recover photocopying charges." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 643 (7th Cir. 1991).  A party is required, however, to provide "the best breakdown obtainable from retained records" in order to make the required showing of necessity. *Id.*

Defendants seek to recover $7,360.50 for copying costs.  (Dkt. No. 340 p. 6.)  Defendants initially supported their motion with a table that listed only the date and the amount of copying costs.  (Dkt. No. 319-2.)  Defendants provided additional support in their reply brief in the form of a chart accompanied by redacted invoices. (Dkt. No. 340-2, 3, 4.)  The chart identifies only the number of pages copied and the rate charged per page, but does not indicate the nature of the documents copied, including how they were used or intended to be used in the case.  The only exceptions are that Defendants identified costs for photocopying the Cook County Merit Board Records, personnel files, and the summary judgment filings.  (*See* Dkt. 340-4 pp. 14, 16.)  The redacted invoices contain line items that list "photocopying expenses" along with the number of pages and cost per page.  The invoices do not, however, shed any further light on what documents were copied or processed.  The Defendants' submissions do not make a proper showing that the copying costs they seek to recover were necessarily incurred for litigation.  Simply pointing the Court to an exhibit containing numerous invoices is not sufficient documentation of costs and does not provide the Court with the information necessary to determine whether the costs were necessary or were made for the sake of convenience.  Where the prevailing party has failed to provide sufficient information, courts in this district

have either reduced copying costs by a substantial percentage or denied copying costs entirely. *See, e.g., Trading Tech. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 979 (N.D. Ill 2010) (collecting cases showing complete denials and reductions in costs ranging from 25 to 50 percent).

The Court does not question that in the context of this protracted litigation spanning over six years that Defendants have incurred substantial copying costs, many of which were necessary and reasonable. Thus, the Court is not inclined to deny Defendants' copying costs in their entirety particularly in light of the fact that Defendants have provided invoices for these costs. The invoices show that Defendants paid between $0.10 and $0.15 per page for copies. Although the Court finds the per page amount reasonable, the Court is prevented from determining whether the copies made were necessarily obtained for use in the case because the invoices were heavily redacted. While the redactions may have been necessary to protect attorney-client privilege, Defendants were able to provide handwritten explanations on the invoices relating to the Merit Board Records, the personnel files, and the summary judgment filings. Defendants made no attempt to identify the category of other documents copied or the number of copies made. This information would have assisted the Court in determining which of these costs were necessary and which were for the convenience of the attorneys. The Court finds that a 50% reduction in costs is appropriate given that the Defendants' submissions, though lacking in detail, show that Defendants incurred substantial copying costs. Accordingly, the Court awards Defendants $3,680.25 for copying costs.

**2. Attorney's Fees**

**A. Legal Standard**

Pursuant to 42 U.S.C. 1988, a district court has the discretion to award attorney fees to the prevailing party in a § 1983 action. *Roger Whitmore's Auto. Servs., Inc. v. Lake County*, 424 F.3d 659, 675 (7th Cir. 2005); 42 U.S.C. § 1988(b). While the district court has the discretion to award fees to a prevailing defendant, "it is clear that prevailing defendants have a much harder row to hoe than do prevailing defendants." *Roger Whitmore*, 424 F.3d at 675. Supreme Court precedent makes clear that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 15, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S. Ct. 694, 54 L.Ed. 2d 648 (1978)). The Seventh Circuit has defined a "frivolous" action as one that has no reasonable basis, whether in fact or in law. *Roger Whitmore*, 424 F.3d at 675.

Defendants seek recovery of their attorney's fees arguing that "[t]his case is a prime example of meritless litigation." (Dkt. No. 346 p. 1.) In support, Defendants argue the summary judgment submissions make clear that from the onset Plaintiff had no chance of establishing one element of his *prima facie* case of employment discrimination based on political affiliation. (*Id.* at p. 9.) This assertion is belied by the fact that the parties engaged in extensive discovery efforts for more than two years before this Court granted summary judgment in Defendants' favor. Indeed Defendants' relied heavily upon the evidence adduced during discovery in their summary judgment briefs, including ten of the depositions for which they now seek costs. Further, "[t]he fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes*, 449 U.S. at 14.

The Court rejects Defendants assertion that the facts so overwhelmingly favor judgment in their favor that the Court should find that Plaintiff's lawsuit was frivolous. (Dkt. No. 346 p. 11.) As Plaintiff correctly

| STATEMENT |
|---|
| noted, the Court found that Plaintiff provided sufficient evidence at summary judgment in support of two of the three elements of his *prima facie* case. (Dkt. No. 354 p. 14.) As such, the Court cannot conclude that Plaintiff's case was so utterly lacking in facts as to be considered frivolous, unreasonable, or groundless. Accordingly, Defendants' motion for fees is denied. |